**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **RICHARD LOPEZ FIGUEROA, LEYDA GOMEZ RENTAS AND THE LEGAL CONJUGAL PARTNERSHIP COMPOSED BETWEEN THEM,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DESARROLLOS METROPOLITANOS LLC; VMV ENTERPRISES CORPORATION; RESORT BUILDERS, LLC; METROPOLITAN BUILDERS, LLC; INSTITUTIONAL BUILDERS SE; THE DM GROUP OF COMPANIES; DDA MANAGEMENT LLC; DEFENDANTS A, B, C, D, E, F.**<br><br>Defendants. | CIVIL NO.<br><br><br><br>RE:   ADEA   EMPLOYMENT DISCRIMINATION,   ERISA-COBRA VIOLATION<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs Richard Lopez Figueroa ("Lopez"), his wife Leyda Gomez Rentas ("Gomez") and the legal conjugal partnership composed between them, in the case at bar, through their undersigned attorney and respectfully STATE, ALLEGE and PRAY:

## I.  NATURE OF THE ACTION AND JURISDICTION

1.    Plaintiffs Lopez and Gomez hereby invoke this Honorable Court's federal question jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorneys fees brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.* as a result of Lopez' unlawful termination of employment due to his age by the named party defendants herein and under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§1001, *et seq.* for failing to provide Lopez and other qualified

beneficiaries with a COBRA notice that would have allowed him to continue with his employee group health plain insurance following the "qualifying event" of his termination of employment with the named party defendants herein.

2.      Plaintiffs further summon this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, Law No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq.*; Law. No. 80 of May 30, 1976, 29 L.P.R.A. §§ 185a-185l, 29 L.P.R.A. §§ 185a-185l; Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20 and Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141.

3.      Plaintiffs invoke this Honorable Court's supplemental/pendent jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Plaintiffs' claims under federal law.

4.      On July 5, 2011, Lopez timely filed with the Puerto Rico Department of Labor's Anti-Discrimination Unit ("ADU"), an Equal Employment Opportunity Commission ("EEOC") deferral agency, an administrative charge claiming that he was unlawfully terminated from his employment due to his age.  Named as respondents in such administrative charge are the named party defendants herein.

5.      The previously stated administrative employment discrimination charge was assigned numbers uadau 11-470c and 16H-2011-00661c.

Complaint
Lopez v. Desarrollos Metropolitanos *et al.*
Page 3 of 11

6.      On November 17, 2011, the EEOC issued and mailed a Right-To-Sue Notice in the above referenced EEOC Charge No. 16H-2011-00661.  On or about November 22, 2011, Lopez received the before stated Right-To-Sue Notice issued by the EEOC.

7.      Plaintiffs Lopez and Gomez seek redress for the damages suffered and those damages they continue to suffer as a result of defendants' employment discrimination on the basis of Plaintiff Lopez's age.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## II.      THE PARTIES

9.      Plaintiff Lopez is a male citizen of the United States of America and is a resident of Bayamón, Puerto Rico.  Lopez is married to his wife Gomez.

10.      Plaintiff Gomez is a female citizen of the United States of America and is a resident of Bayamón, Puerto Rico.  Gomez is married to her husband Lopez.

11.      Lopez was born on June 16, 1951 and as such, he is within ADEA's protected age group at the time that his termination of employment took place.

12.      At all relevant times to this Complaint, Lopez was an "employee" within the definition of such term as provided by ADEA, COBRA, and the laws of the Commonwealth of Puerto Rico which have been invoked herein.

13.      At all relevant times to this Complaint, named party Defendants Desarrollos Metropolitianos, LLC.; VMV Enterprises Corporation: Resort Builders, LLC.; Metropolitan Builders, LLC.; Institutional Builders SE; DDA Management LLC., and The DM Group of Companies (hereinafter collectively referred to as "Desarrollos Metropolitanos" or "DM")  are corporations or other  legal entities with the legal capacity to sue and be sued.

Complaint
Lopez v. Desarrollos Metropolitanos *et al.*
Page 4 of 11

14.     Defendants DM are authorized to do business in the Commonwealth of Puerto Rico and upon information and belief they are incorporated under the laws of Commonwealth of Puerto Rico.

15.     Defendants DM are considered an "employer" within the definition of such term as provided by ADEA and the laws of the Commonwealth of Puerto Rico that have been invoked herein.  Defendants DM have more than 250 employees.

16.     At the time the facts alleged in this Complaint took place, Defendants DM were Lopez's single and/or joint employer.  Defendants DM operations are substantially related and intertwined with each other; they share among themselves common management; have centralized control of their labor relations or personnel matters; their employees have been interchanged amongst all named party defendants, and they all share common ownership.

17.      All named party defendants that comprise DM and their agents have received actual knowledge of Lopez's administrative charge claiming employment discrimination filed before the ADU and the EEOC.  All named party defendants herein are jointly and severally liable to Plaintiffs for the unlawful employment practices claimed herein.

18.     Defendants ABC are insurance companies that are the insurers of named party defendants herein. Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful employment discrimination which were committed by Defendants DM and their agents. Plaintiffs are using the fictitious names of ABC because at this time they do not know the real names of such insurance companies.  Once these names are known, Plaintiffs will move this Honorable Court for the substitution of such party defendants.

19.     Defendants DEF are the fictitious names of other individuals or employers that jointly participated along with Defendants DM in other acts of employment discrimination against Plaintiff Lopez.  Plaintiffs are using the fictitious names of DEF because at this time they do not know the real names of defendants.  Once these names are known, Plaintiffs will move this Honorable Court for the substitution of party defendants.

### III.     FACTUAL NARRATIVE COMMON TO ALL CLAIMS

20.     During the month of March 1984, Lopez commenced working with Defendants DM as an Administrative Assistant.

21.     In 1986, Lopez approved his Puerto Rico Land Surveyor ("Agrimensura") Bar Examination.

22.     Subsequently, during the month of April 1987, Lopez was promoted and named Project Chief at DM.

23.     At all relevant times hereto, Lopez has met all of his job requirements and has performed within and beyond his employers' job expectations.

24.     Throughout his employment tenure with Defendants DM, Lopez has never been disciplined or admonished due to his performance as a DM employee.

25.     Upon Lopez's promotion to the position of Project Chief he became eligible to participate and was thereafter a beneficiary in DM's Employee Pension/Retirement plan, his employers' group health plan as well as other employee benefits.

26.     During December 2001, due to his exemplary job performance, Lopez was promoted to Project Manager.

Complaint
Lopez v. Desarrollos Metropolitanos *et al.*
Page 6 of 11

27.     As Project Manager, in addition to his fixed salary, Lopez was entitled to receive a 3.5% of the estimated profits generated by that construction work he supervised and a 5% fee of the estimated fee of such project.  Lopez was also entitled to an equal distribution of one percent (1%) of the total accumulated earnings of all DM's construction projects, which were divided equally among all Project Managers.

28.     During December 2002, Lopez was assigned a company car as part of his compensation package and as part of his functions as Project Manager.

29.     As Project Manager, Lopez's job functions and responsibilities included, but were not limited to the following: the negotiations and reaching contractual agreements with subcontractors and suppliers; programming of events and stages for construction, preparing construction or Project Schedules and taking measures for their compliance; purchase of construction materials and management of pocket cash; drafting and preparation of construction submittals; administrative supervision of personnel assigned to construction office sites; supervision of construction activities; putting into operation employee security measures; establishment of strategies for the protection of construction property at construction site; representing the construction companies at meeting related to construction projects; application of construction cost control measures and oversight over construction budgets; preparation and progressive  actualization of breakdowns for payment and certifications for payment (documents for the collection for the owner of the construction project); authorized the payments to subcontractors and suppliers; preparation of quotes and of documents related to change orders; review of Shop Drawings; support to all construction companies as they relate to new projects, such as "take offs", estimates, bids

Complaint
Lopez v. Desarrollos Metropolitanos *et al.*
Page 7 of 11

or proposals, presentations and construction sites visits, and other construction related duties.

30.     On March 17, 2011, Lopez was suspended from his employment purportedly because of lack of work.

31.     However, other younger employees than Plaintiff Lopez, who were also less senior than Lopez and occupied his same job classification, were not laid off from their employment by DM.  Lopez was dismissed and/or laid off from his employment at DM because of his age.

32.     Plaintiff Gomez has suffered moral and emotional damages due DM's discriminatory employment practices against her husband, Lopez.

## IV. FIRST CAUSE OF ACTION
## (ADEA: Age Discrimination)

33.     Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

34.     Defendants DM have willfully violated ADEA's provisions by having terminated Lopez from his employment on account of his age.  As such, defendants are liable in compensatory damages against Plaintiff Lopez for their unlawful conduct.

35.     Plaintiffs hereby demand and request that Lopez be reinstated to his former employment with DM and that they be awarded back-pay for all lost salaries and employee benefits he would have earned but for his unlawful termination of his employment due to his age, from the date of his termination up until that date Lopez is reinstated to his former employment.

## V.  SECOND CAUSE OF ACTION
### (ERISA: Failure to Provide COBRA Notice)

36.     Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

37.     Defendants DM have willfully violated ERISA/COBRA's provisions by having failed to issue a written notice to Lopez and Gomez of their right to continued health plan coverage after his termination of employment.  As such, defendants are liable for all medical costs that they have incurred that would have been covered under their group health plan and for all statutory fines that are available to them as a result of defendants failure to issue that stated notice after the qualifying event comprising Lopez's termination of employment.

38.     Defendants failed to provide Plaintiffs with the notice requirements set forth by Section 606 of ERISA, for which they are liable to Plaintiffs in the amount of ONE-HUNDRED TEN DOLLARS ($110.00) per day from the date of the qualifying event, that is, from the date of the unlawful termination until the date of notice of compliance with ERISA/COBRA's provisions.

39.     Due to defendants' violation of ERISA – COBRA, they are liable to Plaintiffs for compensatory damages for all of Plaintiffs' health care costs that would have been covered under defendants' group health plan had defendants complied with their COBRA notification requirements to Plaintiffs.

## VI. THIRD CAUSE OF ACTION
### (Violation to Article II of Puerto Rico's Constitution)

41.     Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

Complaint
Lopez v. Desarrollos Metropolitanos *et al.*
Page 9 of 11

42.    Defendants DM have violated Plaintiff Lopez's rights secured under Article II, Sections 1, 8, 16 of Puerto Rico's Constitution by violating his dignity, privacy, health at the work place and discriminating against him on the basis of his age.

43.    Plaintiffs are entitled to compensatory damages.  Plaintiffs have suffered considerable economic and personal damages as a result of Defendants' conduct.  Plaintiff Lopez is entitled to back-pay and reinstatement to his former employment.

## VII. FOURTH CAUSE OF ACTION
### (Violation to Puerto Rico Act Nos. 100, 80)

44.    Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

45.    Defendants DM have violated Plaintiff Lopez's rights secured under Puerto Rico Acts Nos. 100 and 80.  Defendants DM have discriminated against Plaintiff Lopez on account of his age because he was terminated while other less senior employees, in Lopez's same job classification, who were also younger than him in age, were not terminated from their employment.  Defendants DM have also unjustly terminated Lopez's employment as he was dismissed in violation of Act 80's seniority provisions and as such, Lopez is entitled to Act 80 compensation.

46.    Plaintiffs are entitled to compensatory and economic damages.  Plaintiffs have suffered considerable economic and personal damages as a result of Defendants DM's conduct.  Plaintiffs are entitled to back pay for all lost salaries on account of his unlawful termination of employment.  Plaintiff Lopez hereby also demands reinstatement to his former employment.

Complaint
Lopez v. Desarrollos Metropolitanos *et al.*
Page 10 of 11

## VIII. FIFTH CAUSE OF ACTION
### (Violation to Puerto Rico's Civil Code, Art. 1802)

47.     Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

48.     Defendants DM have violated Plaintiff Gomez's rights under Puerto Rico's Civil Code, Article 1802, 31 L.P.R.A. § 5141.

49.     Plaintiff Gomez is entitled to compensatory and economic damages as she has suffered by DM's discriminatory employment practices against her husband, Plaintiff Lopez.

**WHEREFORE**, all premises being considered, Plaintiffs pray that this Honorable Court enter Judgment against Defendants DM and grant Plaintiffs the following relief:

(a)     An award of compensatory damages, including but not limited to back pay and prejudgment interests, of not less than TWO MILLION DOLLARS ($2,000,000.00);

(b)     An award of double compensatory damages under Puerto Rico Law No. 100;

(c)     An Act 80 Severance Payment;

(d)     An award of costs and reasonable attorney's fees;

(e)     Injunctive relief ordering Defendants DM to reinstate Lopez to his former employment;

(f)     Any other and further relief, which this Honorable Court may deem just, and proper; and

(g)     A trial by jury.

In San Juan, Puerto Rico, this 14th day of February, 2012.

**RESPECTFULLY SUBMITTED.**

Complaint
Lopez v. Desarrollos Metropolitanos, *et al.*
 Page 11 of 11


In San Juan, Puerto Rico, this 14th day of February, 2012.


**/s/ JOSE G. FAGOT DIAZ**
**USDC PR NO. 20412**
**Attorney for Plaintiffs**
1890 Pasionaria Street
Rio Piedras, PR 00927-6612
(787) 763-1351; Fax: 787 763-8014
Email:jgf@fagot-law.com